**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.  23-30** |
| **MARY GIGI SINYARD** | **SECTION:  "G"** |

## ORDER AND REASONS

Pending before the Court is Defendant Mary Gigi Sinyard's ("Sinyard") *pro se* Motion for Early Termination of Supervised Release.[1] In the motion, Sinyard requests that this Court enter an Order terminating her supervised release.[2] Sinyard asserts that she has satisfactorily completed over two years of her three-year term of supervised release.[3] She states that she does not owe any restitution and has been compliant with the conditions of release.[4]

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences

---

[1] Rec. Doc. 85.

[2] *Id.*

[3] *Id.*

[4] *Id.*

and sentencing ranges available.[5] Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release.[6]

On December 6, 2023, Sinyard was sentenced by this Court after pleading guilty to wire fraud.[7] She was sentenced to serve one month in prison, to be followed by three years of supervised release.[8] While Sinyard's compliance with the terms of supervised release is commendable, compliance alone is not sufficient grounds for termination of supervised release. Sinyard was found guilty of serious criminal behavior. The need for deterrence and the need for Sinyard's sentence to be comparable to other defendants convicted of similar offenses weigh in favor of continued supervised release. Sinyard has not demonstrated that it would be appropriate to terminate supervised release at this time.[9]

Accordingly,

**IT IS HEREBY ORDERED** that Mary Gigi Sinyard's Motion for Early Termination of Supervised Release[10] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 7th day of June, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See* 18 U.S.C. § 3553(a).

[6] *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

[7] Rec. Doc. 82.

[8] *Id.*

[9] *See* Fed. Rule Crim. Pro 21.1(c)(2)(B) (hearing is not required where the relief sought is favorable to the person and does not extend the term of probation or supervised release).

[10] Rec. Doc. 85.